IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE LAVORE, | No. 4:20-CV-00780 |
| Plaintiff, | (Judge Brann) |
| v. | |
| BOSTON SCIENTIFIC CORP., | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

### JUNE 29, 2020

### I. BACKGROUND

This case used to be part of Multi District Litigation No. 2326: the Boston Scientific Corp. Products Liability Litigation. After Plaintiff Christine Lavore's individual case neared conclusion, the Honorable Joseph R. Goodwin, United States District Judge for the Southern District of West Virginia, transferred Lavore's case here "[f]or the convenience of the parties and in order to promote [its] final resolution."[1]

Part of the "final resolution" is Lavore's ripe Motion to Limit or Exclude the General & Specific Causation Opinions of Boston Scientific's Expert, Patrick

---

[1] Doc. 55 at 1. This case's original docket number is 2:13-cv-21153. *See* Doc. 55 Ex. A.

Culligan, M.D.[2] Culligan is a board-certified urogynecologist.[3] Lavore takes issue with the opinions in Culligan's Expert Report dated March 22, 2019.[4]

## II. DISCUSSION[5]

### A. Culligan's Opinions on General Causation

Boston Scientific designated Culligan as a case-specific expert—not as an expert on general causation.[6] Boston Scientific argues that Culligan's general causation opinions are "necessary to properly convey Dr. Culligan's analysis of Ms. Lavore's complaints" and "inextricably intertwined" with Culligan's case-specific opinions. But Boston Scientific provides no case law to support admission on this basis. And Judge Goodwin has already ruled, in analyzing other expert testimony, that even if general causation opinions "directly relate to and form a reliable basis for" case-specific opinions, that is not enough to admit general causation opinions from an expert that "has been designated as a case-specific

---

[2] Doc. 51. The Court also recently resolved Boston Scientific's ripe Motion for Summary Judgment. *See* Docs. 78 & 79.
[3] Doc. 51-2 at 1.
[4] *See* Doc. 51-2.
[5] Whether to exclude Culligan's opinions is a procedural issue. Therefore, this Court "applies the law of the circuit where it sits"—the United States Court of Appeals for the Third Circuit. *See, e.g.*, *Various Plaintiffs v. Various Defendants (Oil Field Cases)*, 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009).
[6] *See* Doc. 54-1.

expert only."[7]  This Court agrees with this course of action and finds it helpful in resolving the instant issue before the Court.[8]

"Because the time for expert disclosure has passed and Dr. [Culligan] was disclosed only as a specific causation expert, [he] may not offer general causation testimony."  Culligan "is permitted to rely on the general causation opinions proffered by experts who are properly designated to offer such opinions when forming [his] case-specific opinions," but he "may not exceed the bounds of [his] designation by offering these opinions [himself]."[9]

### B.  Culligan's Opinions on Case-Specific Causation

Lavore argues that Culligan's opinions on case-specific causation are not detailed enough.[10]  Lavore asserts that "[a]s Dr. Culligan's report lacks the requisite detail to pass muster under Rule 26(a)(2)(B), he should be excluded from

---

[7] *In re Bos. Sci. Corp. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2326, 2018 WL 8054249, at *2 (S.D.W. Va. May 30, 2018).

[8] *See generally Castillo v. Bos. Sci. Corp.*, No. 1:20-CV-513-RP, 2020 WL 2771193, at *9 (W.D. Tex. May 28, 2020) (transferee court applying law of the case doctrine, which prohibited parties from "relitigat[ing] in the remand court issues decided by the MDL court," to sustain a previous Judge Goodwin ruling in post-remand context).

[9] *Id.  See also In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2327, 2016 WL 7242550, at *2 (S.D.W. Va. Dec. 14, 2016) (when expert "was not designated and disclosed as a general causation expert," Judge Goodwin held that "counsel must tailor [expert's] testimony to only his specific causation opinions applicable to [plaintiff's] case"); *Warren v. C. R. Bard, Inc.*, No. 8:19-CV-2657-T-60JSS, 2020 WL 1899838, at *2 (M.D. Fla. Apr. 17, 2020) (in another MDL, expert's general opinions were excluded; expert "was not designated as a general causation expert"); *In re Zoloft (Sertralinehydrochloride) Prod. Liab. Litig.*, 176 F. Supp. 3d 483, 494 (E.D. Pa. 2016), *aff'd sub nom. In re Zoloft (Sertraline Hydrochloride) Prod. Liab. Litig.*, 858 F.3d 787 (3d Cir. 2017) (court ruled it was "procedurally improper" for expert to provide opinions "on general causation as to individual Plaintiffs" when expert was "not a treating physician of either of the minor Plaintiffs, and was never designated as an expert on general causation").

[10] *See* Doc. 51 at 12.

testifying in this litigation."[11] Lavore has made no serious challenge to Culligan's qualifications. Further, Culligan provides over ten pages of Lavore's medical history, which inform Culligan's opinions as to Lavore. I find that Culligan's report "cover[s] the opinions to be expressed and the basis for the opinions, and provide[s] substantial details about [Culligan's qualifications and experience as a witness."[12]

Given the limited nature of Lavore's protestations about Culligan's case-specific testimony, at this juncture, Lavore's "objections go to the weight, not the admissibility, of Dr. [Culligan's] opinion testimony."[13] The Court will permit Culligan to introduce his opinions on case-specific causation. Lavore is free to contest and critique Culligan in the arena of cross examination.

## III. CONCLUSION

The Court grants in part and denies in part Lavore's motion to limit or exclude. **THEREFORE, IT IS HEREBY ORDERED** that:

1. Patrick Culligan, M.D. is EXCLUDED from providing expert opinions and testimony on the issue of general causation.

---

[11] Doc. 51 at 12.
[12] *Caruso v. Coleman Co.*, No. CIV. A. 93-CV-6733, 1994 WL 719759, at *1 (E.D. Pa. Dec. 27, 1994); *see also Robins v. Nationwide Mut. Ins. Co.*, No. 3:12-CV-02034, 2013 WL 6191953, at *6 (M.D. Pa. Nov. 26, 2013).
[13] *Brenner v. Consol. Rail Corp.*, 806 F. Supp. 2d 786, 791 (E.D. Pa. 2011).

2. Patrick Culligan, M.D. is NOT EXCLUDED from providing the case-specific opinions and testimony noted in Dr. Culligan's Expert Report, *see* Doc. 51-2.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge